Argued and submitted June 11, judgment reversed and remanded; supplemental judgment vacated December 3, 2008

STUDOR, INC.,
*Petitioner-Respondent,*

*v.*

STATE OF OREGON,
by and through its
DEPARTMENT OF CONSUMER
AND BUSINESS SERVICES,
its Building Codes Division,
its State Plumbing Board,
and its State Residential Structures Board,
*Respondents-Appellants.*

Marion County Circuit Court
05C10821; A132692

197 P3d 554

Richard D. Wasserman, Attorney-in-Charge, Civil/Administrative Appeals Unit, argued the cause for appellants. With him on the briefs were Hardy Myers, Attorney General, and Mary H. Willliams, Solicitor General.

John R. Osburn argued the cause for respondent. With him on the brief were Lisa E. Lear and Bullivant Houser Bailey PC.

Before Landau, Presiding Judge, and Schuman, Judge, and Ortega, Judge.

SCHUMAN, J.

## SCHUMAN, J.

This case presents three questions resulting from a state agency's decision not to amend the state building code: First, did the Marion County Circuit Court have jurisdiction to review the denial? Second, if so, did the circuit court correctly remand the agency's decision? Third, did the circuit court err in awarding petitioner $50,000 in attorney fees? We conclude that the circuit court lacked jurisdiction; a prerequisite to circuit court jurisdiction is a final agency order in a proceeding other than a contested case, and the agency decision here did not fit within that category of agency action. We therefore do not reach the second question, and we necessarily vacate the supplemental judgment awarding attorney fees.

The relevant facts are procedural and undisputed, taking place within the following statutory and regulatory framework. The Building Codes Division (BCD), a section within the Department of Consumer and Business Services (DCBS), is responsible for the promulgation, amendment, and administration of the state building code. ORS 455.020; ORS 455.100. The code is a collection of "specialty codes," including, as relevant to this case, the plumbing code and the low-rise residential dwelling code. ORS 455.010(8). In promulgating and amending the code, the BCD operates under the rulemaking provisions of the Administrative Procedures Act (APA), ORS chapter 183, except as those provisions are superseded or supplemented by the more specialized provisions of ORS chapter 455 ("Building Code"). ORS 455.030(1).

Under the relevant statutory and regulatory provisions, the building code can be amended in two ways. Ordinarily, an interested person (including a corporation, ORS 183.310(8)) proposes an amendment; the proposal must set out the "justification and * * * particular circumstances" requiring the change. ORS 455.030(4). The director of DCBS then forwards the proposal to the appropriate advisory board for review. *Id.* "[W]ith the approval of the advisory board," the director may choose to adopt or deny the proposal and then must "notify" the person who proposed the amendments of that decision. ORS 455.030(5). Specialty codes are formally readopted every three years; the director's decision to amend

or not amend is implemented at the time of readoption, although, with the permission of the appropriate advisory board, amendments may be adopted at any other time as well. OAR 918-008-0000(2); OAR 919-008-0028. The second method for amending a specialty code, called the "alternate method ruling process," is described in ORS 455.060(1) and OAR 918-008-0095. Under ORS 455.060(1),

> "[a]ny person who desires to use or furnish any material, design or method of construction or installation in the state * * * may request the Director of [DCBS] to issue a ruling with respect to the acceptability of any material, design or method of construction about which there is a question under any provision of the state building code."

Petitioner Studor, Inc. (Studor) manufactures and sells a plumbing device called an Air Admittance Valve (AAV), which it describes as an alternative to "open pipe venting" as a method of preventing sewer gasses from entering buildings through plumbing fixtures. Several other companies also make AAVs. At present, under the state building code, open pipe venting is permitted and all alternatives, including AAVs, are not. In 2003, Studor began the process of trying to change that state of affairs.

As a first step, Studor availed itself of the "alternative method ruling process," but the committee charged with administering that process rejected Studor's application and advised Studor that "the approval of AAV's requires more than just product approval and * * * plumbing code changes should also be considered." Studor then began its attempt to achieve its objective through the standard method, that is, by seeking an amendment to the building code, to be implemented at the next readoption. It submitted a proposal to the "Plumbing Code Change Committee" for amendments to the plumbing code and, in the alternative, to the "Oregon Residential Specialty Code Adoption Committee" for amendments to the residential structures code. The committees forwarded conflicting recommendations to the BCD; the plumbing committee recommended denial and the residential committee recommended approval. The BCD ultimately followed the plumbing committee's recommendation and rejected the proposals. It then notified Studor of that decision in an e-mail to Studor's president and informed the president

that, if he was "dissatisfied with the agency action, then a petition for judicial review may be filed in the Circuit Court for Marion Count[y] under ORS 183.484(1)." That provision confers jurisdiction on the circuit court for review of orders issued in proceedings that are not contested cases, commonly called "orders in other than contested cases."

As advised, Studor petitioned for judicial review in the circuit court for Marion County. There, however, the state moved for summary judgment on the ground that the rejection of Studor's proposed amendments was not an order in other than a contested case, but part of the rulemaking process, over which the circuit court had no jurisdiction. The court rejected the state's argument, ruling that the "BCD's decision is an order, not a rule." Thereafter, the court held a trial at which the evidence consisted for the most part of Studor's application materials and the arguments in the parties' respective motions for summary judgment. The court concluded that the agency's refusal to amend the building code as requested by Studor was not supported by substantial evidence and entered a judgment remanding the case to the BCD. The court later awarded Studor $50,000 in attorney fees in a supplemental judgment. The state now appeals the judgment and the supplemental judgment.

The threshold—and dispositive—issue in this case is whether the circuit court had jurisdiction to review the BCD's decision. That court has jurisdiction to review agency decisions only if those decisions are orders resulting from agency proceedings that are not contested cases; review of most other agency actions or decisions is in the Court of Appeals. ORS 183.400 (Court of Appeals has jurisdiction to review rules); ORS 183.482 (Court of Appeals has jurisdiction to review orders in contested cases); ORS 183.484 (circuit court has jurisdiction to review orders in other than contested cases). The document at issue in this case, addressed to the president of Studor, states, in part:

"**Re: Code Change Proposal(s)**

"Please be advised that the Building Codes Division and the appropriate advisory board(s) has reviewed your code change proposal(s) to the **2003 Uniform Plumbing Code,**

> **for adoption as the 2005 Oregon Plumbing Specialty Code,** relative to the requirements of **ORS 455.030**[.]

> "\* \* \* \* \*

> "I am notifying you within 30 days of receipt of the recommendation from the Oregon State Plumbing Board, that the \* \* \* code change proposals have been disapproved."

(Boldface in original.) The parties agree that this decision does not result from a contested case; they disagree about whether it is an order. That term is defined in ORS 183.310(6)(a):

> " 'Order' means any agency action expressed orally or in writing directed to a named person or named persons, other than employees, officers or members of an agency."

Studor maintains that the document clearly fits within that statutory definition: It is agency action, in writing, directed to a named person who is not part of the agency itself.

Further, Studor argues, in considering whether a particular agency action is an order, the court should adopt a "functional" approach as the Supreme Court did in *Oregon Env. Council v. Oregon State Bd. of Ed.*, 307 Or 30, 761 P2d 1322 (1988). In that case, the court held that the Board of Education's decision to include a particular textbook on the list of books approved for use in Oregon public schools was an order because the decision was "functionally similar to individual licensing decisions made by professional licensing agencies." *Id.* at 36. According to Studor, the BCD's decision in this case to deny inclusion of AAVs in the building code is also the functional equivalent of a licensing decision in that it results from the application of preexisting criteria to a determination of eligibility for a benefit. Moreover, Studor argues, *all* agency action is either an order in a contested case, a rule, or an order in other than a contested case. Here, according to Studor, neither party maintains that the BCD's decision was (or should have been) an order in a contested case, and it was not a rule as defined in the APA: "any agency directive, standard, regulation or statement of general applicability that implements, interprets or prescribes law or policy \* \* \* [including] the amendment or repeal of a prior rule." ORS

183.310(9). Therefore, the decision must fall into the "catch-all" category and be an order in other than a contested case, reviewable in circuit court.

The state's position, in contrast, is that the agency's action, a decision *not* to amend a rule, was taken in connection with a procedure involving the amendment of a rule. That being the case, the legislature could not possibly have intended judicial review in circuit court for substantial evidence, because doing so would be inconsistent with ORS 183.335(13), under which "the amendment * * * of a rule by an agency need not be based upon or supported by an evidentiary record." Put another way, the state argues that Studor's position leads to an anomaly that the legislature could not possibly have intended: that an agency's decision *not* to amend a rule receive a more stringent level of judicial review (that is, for substantial evidence) than the amended rule itself (that is, merely for compliance with rulemaking procedures and legislative authorization, ORS 183.400(3)).

Further, according to the state, Studor's comparison of this case to *Oregon Env. Council* is not persuasive. The cases, it argues, are significantly distinguishable. *Oregon Env. Council* involved the mandatory application of "guidelines and criteria of general applicability to a particular textbook." 307 Or at 36. It was that characteristic of the approval process that made it functionally similar to a permit application process and therefore a process resulting in an order. Here, no such mandatory "guidelines and criteria" exist; the director of DCBS "may" adopt proposed amendments, ORS 455.030(5), that are "in conformity with the policy and purpose prescribed by ORS 455.020," ORS 455.030(4), but nothing requires the director to do so, nor are "policy and purpose" the same as "guidelines and criteria." Judicial review for conformity with legislative "policy and purpose" is the kind of review that rules receive under ORS 183.400(3), that is, review for conformity to legislative authorization; if Studor's position were correct, all rules would be orders, because all rules must conform to legislative policy and purpose.

Each of the parties' arguments has strengths and weaknesses. Fortunately, we need not choose one or the other. Even if Studor is correct that the notification it

received from the BCD is an order—a conclusion that we most emphatically do not reach or even intend to imply—the circuit court lacked jurisdiction nonetheless. That is because the circuit court does not have jurisdiction to review all orders; it has jurisdiction to review only *final* orders. ORS 183.480(3) provides:

> "No action or suit shall be maintained as to the validity of any agency order except a final order * * * or except upon showing that the agency is proceeding without probable cause, or that the party will suffer substantial and irreparable harm if interlocutory relief is not granted."

Studor does not maintain that the agency proceeded without probable cause or that interlocutory relief is necessary to prevent substantial and irreparable harm—and if it did maintain that position, we would reject it. Thus, if the BCD's decision not to amend the building code was not a final order, then the circuit court lacked jurisdiction. *Id.*; *Oregon Health Care Assn. v. Health Div.*, 329 Or 480, 494, 992 P2d 434 (1999).

ORS 183.310(6)(b) provides:

> " 'Final order' means final agency action expressed in writing. 'Final order' does not include any tentative or preliminary agency declaration or statement that:
>
> "(A)   Precedes final agency action; or
>
> "(B)   Does not preclude further agency consideration of the subject matter of the statement or declaration."

The notice that the BCD sent to Studor here both preceded final agency action and did not preclude further agency consideration of the subject.

As we have explained,

> "In a sense, every order is final as to the specific subject that it covers; for example, even an order postponing a hearing is final as to whether the hearing will occur on the original date. * * * To ascertain whether [an] order was a final order, we must first describe the regulatory context within which [it occurs]."

*Grobovsky v. Board of Medical Examiners*, 213 Or App 136, 143, 159 P3d 1245 (2007). Here, Studor sought to have its

proposal incorporated into the 2005 revision of the state building code. The notice rejecting the proposal—dated September 20, 2004—informed Studor that its proposal "for adoption as the 2005 Oregon Plumbing Specialty Code" was disapproved. Thus, although the decision was "final" with respect to what the agency *planned* to do in the future, the decision nonetheless preceded the actual adoption of the new rule. In fact, adoption of a new code, without Studor's proposed amendment, did occur in 2005 and was subject to judicial review under ORS 183.400 (judicial review of rules).[1]

Indeed, we have found no cases in which this court or the Supreme Court has held that an agency decision rendered in the context of a rulemaking or rule amendment proceeding is considered to be a final order. That makes sense. ORS 183.310(6)(b)(B), as set out above, provides that an order is not "final" unless it "preclude[s] further agency consideration of the subject matter of the statement or declaration." The subject matter of the BCD's decision was the propriety of amending the state building code so as to include Studor's AAV. Nothing "precludes" further consideration of that subject matter. Unlike a person who has suffered an adverse outcome in a contested case, Studor is not "precluded" from resubmitting its proposed amendment, either in the next cycle of revision or in the interim by way of an ORS 455.060 "alternate method ruling process" as described above.

We therefore conclude that, because the BCD notice to Studor was not a "final order," the circuit court did not have jurisdiction. That conclusion obviates the need to address the state's contention that the court erred in concluding that the BCD's decision was not supported by substantial evidence, and necessarily requires us to vacate the award of attorney fees.

Judgment reversed and remanded; supplemental judgment vacated.

---

[1] Whether Studor could prevail in that rule challenge is a question we do not address. Nor do we address the possibility that the agency's denial of Studor's request for alternative method approval was an order in other than a contested case and reviewable as such in circuit court.