No. 390 June 12, 2024 133

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

HAYES OYSTER COMPANY,
*Plaintiff-Appellant,*

*v.*

OREGON DEPARTMENT OF AGRICULTURE
and Alexis M. Taylor,
in her official capacity as Director,
*Defendants-Respondents.*

Tillamook County Circuit Court
19CV41007; A177893

Mari Garric Trevino, Judge.

Argued and submitted January 30, 2023.

Thomas R. Benke argued the cause and filed the briefs for appellant.

Jona J. Maukonen, Assistant Attorney General, argued the cause for respondents. Also on the brief were Ellen F. Rosenblum, Attorney General, and Benjamin Gutman, Solicitor General.

Before Ortega, Presiding Judge, and Powers, Judge, and Hellman, Judge.

ORTEGA, P. J.

Reversed and remanded on ORS 183.490 claim; otherwise affirmed.

**ORTEGA, P. J.**

Hayes Oyster Company (Hayes) filed a petition in the circuit court under ORS 183.484 for review of an order from the Oregon Department of Agriculture that denied Hayes's petition for the promulgation of a rule, ORS 183.390, to implement a total maximum daily load established for the Tillamook Bay Watershed. The circuit court dismissed that claim because the order was not a "final order," under ORS 183.310(6)(b). However, the court permitted Hayes to file an amended petition. Hayes then sought relief pursuant to the Uniform Declaratory Judgments Act (UDJA) and ORS 183.490. The circuit court dismissed the UDJA claim for lack of subject matter jurisdiction and dismissed the ORS 183.490 claim for failure to state a claim. On Hayes's appeal from the general judgment of dismissal, we conclude that the circuit court lacked subject matter jurisdiction over the original petition under ORS 183.484, because the department's order was not a "final order." We also conclude that the circuit court lacked subject matter jurisdiction of Hayes's UDJA claim because the Administrative Procedures Act (APA) provided the sole and exclusive means for judicial review of Hayes's claim. However, we conclude that the circuit court erred in dismissing Hayes's ORS 183.490 claim. We conclude that Hayes's petition stated a claim that the department has unlawfully failed to promulgate as a rule a plan specific to the Tillamook Bay Watershed that implements the total maximum daily load for fecal coliform. Thus, we reverse and remand that claim for further proceedings.

## I.   BACKGROUND

At the center of this appeal is a total maximum daily load (TMDL) for fecal coliform that the Oregon Department of Environmental Quality (DEQ) issued for the Tillamook Bay Watershed in 2001. "A TMDL is the calculation of the maximum amount of a pollutant allowed to enter a waterbody so that the waterbody will meet and continue to meet water quality standards for particular pollutants."[1] *Hayes*

---

[1] As explained in *Hayes I*, 316 Or App at 187-88:

"TMDLs, such as the Tillamook Bay Watershed TMDL, are a part of a multistep process required by the Clean Water Act to develop 'comprehensive programs for preventing, reducing, or eliminating the pollution of' the

*Oyster Co. v. DEQ*, 316 Or App 186, 187, 504 P3d 15 (2021), *rev den*, 369 Or 507 (2022) (*Hayes I*). As alleged in the petition in this case, the Tillamook Bay Watershed TMDL established that the amount of fecal coliform that can enter a waterbody for "[f]arm buildings and pastures that have had manure applied to them" is zero (the zero Load Allocation). The designated management agency for the Tillamook Bay Watershed TMDL is the Oregon Department of Agriculture (the department).

In 2019, Hayes filed a "Petition to Promulgate Rule" with the department under ORS 183.390, which allows "[a]n interested person [to] petition an agency requesting the promulgation, amendment or repeal of a rule." ORS 183.390(1). Hayes specifically requested the department "to promulgate an Agricultural Water Quality Management Area Plan *** to implement the zero Load Allocation established in the 2001 Tillamook Bay Watershed TMDL for 'Farm buildings and pastures that have had manure applied to them.'" Hayes also supplied text for proposed rules.

In response, the department issued a written "Order Denying Petition to Adopt Rules" (the denial order). In the denial order, the department stated that it had adopted the North Coast Basin Agricultural Water Quality Management Area Plan, June 2018 (North Coast Basin plan), which "covers the North Coast and includes the Tillamook Bay watershed." The department also stated that it had adopted rules in July 2000 that implement the "non-voluntary components" of that plan, OAR 603-095-0800 to 603-095-0860. The department then stated that, because rules like what

state's navigable waters. 33 USC § 1252; *see also* OAR 340-042-0025 (policy and purposes of TMDLs). The goal of a TMDL is to achieve previously established 'water quality standards' (WQS), which the state has set to identify the desired uses for a waterbody and the amount of pollution that would impair those uses. 33 USC § 1313(a) to (c); 40 CFR § 130.3; ORS 468B.048. As noted, a TMDL identifies the amount of pollution, or load, a waterbody can have without exceeding the WQS. A TMDL allocates that load for particular pollutants among natural background sources, known as nonpoint sources, of a pollutant (load allocations or LAs) and specific point sources of pollution (wasteload allocations or WLAs)—with a margin of safety taking into account any uncertainty. *** A TMDL may also include an element known as a Water Quality Management Plan (WQMP), which 'provides the framework of management strategies to attain and maintain water quality standards.' OAR 340-042-0040(l); *see also* 40 CFR § 130.6."

Hayes proposed already exist, it considered whether the petition could be treated as one to amend existing rules and concluded that it could not because it did not meet the requirements for such a petition.

The department then explained its denial decision for the proposed rules. The department concluded that the proposed rules are not needed, because the North Coast Basin plan "implements the 2001 Tillamook Bay Watershed TMDL and addresses the nonpoint source load stemming from agricultural activities" through voluntary best management practices. The department also stated that the rules implement the TMDL by prescribing "standards for landowner responsibility, maintenance of healthy riparian streambanks, access to waterways by livestock, construction and maintenance of irrigation and drainage ditches, tide gate operation, and erosion and sediment control"; by providing for complaints and investigations; and by addressing enforcement and penalties. The department also pointed to the confined animal feeding operation (CAFO) program as implementing the zero Load Allocation of the TMDL, which requires CAFOs to obtain a permit that requires creating and complying with an animal waste management plan. The department concluded that, "[b]ecause the existing North Coast Basin rules already address nutrient loading of surface water ways and more comprehensively address other activities of landowners to prevent nonpoint source pollution th[a]n the rules proposed by petitioner, the Department declines to adopt the proposed rules." The department also declined "to adopt rules that would impermissibly amend the terms of CAFO permits."

After the order's conclusion and signature of the director of the department, the order included the following text:

> "NOTICE: This is a final order in other than contested case. Petition for review shall be filed within 60 days following the date the order is served or as otherwise described in ORS 183.484. Date of service shall be the date on which the agency delivered or mailed its order. Jurisdiction for judicial review is conferred upon the Circuit Court for Marion County and upon the circuit court for the county in which petitioner resides or has a principal business office."

Hayes filed a petition in the circuit court for review of the denial order, under ORS 183.484. In response, the department moved to dismiss the petition, asserting that the circuit court lacked subject matter jurisdiction because its denial of Hayes's petition to promulgate rules was not a "final order" as defined in ORS 183.310(6)(b).

The circuit court granted the department's motion to dismiss. Relying on *Studor, Inc. v. State of Oregon*, 224 Or App 299, 197 P3d 554 (2008), *rev den*, 347 Or 44 (2009), the court explained that, because Hayes is not precluded from resubmitting a proposed rule amendment at a future date, the denial order rejecting the rulemaking request is not a final order subject to judicial review. The court further concluded that the boilerplate notice in the denial order was not binding or conclusive because the question is one of subject matter jurisdiction.

Hayes then filed an amended petition with leave of the court. In the amended petition, Hayes asserted a claim under the UDJA and under ORS 183.490. For the declaratory relief claim, Hayes sought a declaration that "the rules codified at OAR 603-095-0800 to 0860 (adopted effective July 12, 2000) do not implement the zero Load Allocation of the 2001 Tillamook Bay Watershed TMDL for 'Farm buildings and pastures that have had manure applied to them'" and for an order requiring the department to initiate rulemaking. For the ORS 183.490 claim, Hayes sought an order requiring the department to initiate rulemaking. The department then moved to dismiss the amended petition based on a lack of subject matter jurisdiction over the UDJA claim and a failure to state a claim under ORS 183.490.

The circuit court dismissed the ORS 183.490 claim but allowed the declaratory relief claim to continue. The court dismissed the ORS 183.490 claim based on the court's determination that Hayes's claim was premised on an assertion that that the existing rules and North Coast Basin plan are legally insufficient, which does not state a claim under ORS 183.490.

Later in the litigation, the parties filed cross-motions for summary judgment on Hayes's UDJA claim.

The department moved for summary judgment on several bases, including that the circuit court lacked subject matter jurisdiction. The court granted the department's motion, determining that Haye's requested declaration was "for a declaration that the existing administrative rules do not conform to or fulfill the requirements of a related order (TMDL)," which was not a request for a declaration of rights under the related general statutory framework. The court concluded that, as a result, Hayes's claim did not fall within the UDJA. The court then entered a general judgment of dismissal, from which Hayes now appeals.

## II.   ANALYSIS

A.  *The department's denial of Hayes's petition to promulgate rules was not a "final order."*

In its first assignment of error, Hayes argues that the circuit court erred in granting the department's motion to dismiss its original petition, which sought review of the department's denial order. Hayes argues that the circuit court had jurisdiction under ORS 183.484 because the department's order was a "final order." Whether the circuit court had jurisdiction is a purely legal question that we review for errors of law. *Inbound, LLC v. Dept. of Forestry*, 241 Or App 619, 624-25, 252 P3d 336, *rev den*, 350 Or 716 (2011).

Under ORS 183.390, "[a]n interested person may petition an agency requesting the promulgation, amendment or repeal of a rule." The agency, within 90 days of the date of submission of the petition, "either shall deny the petition in writing or shall initiate rulemaking proceedings in accordance with ORS 183.335." ORS 183.390(1). Here, the department timely issued its denial in writing. It is undisputed that that written denial qualifies as an "order," under ORS 183.310(6)(a), which "means any agency action expressed orally or in writing directed to a named person or named persons[.]" The issue we must resolve is whether the order qualifies as a "final order," under ORS 183.310(6)(b).

It is settled that, "under ORS 183.484, circuit courts have jurisdiction to review only 'final' agency orders in other than contested cases." *Hawes v. DEQ*, 203 Or App 255, 262,

125 P3d 778 (2005). A "final order," as defined in the APA, is a "final agency action expressed in writing." ORS 183.310(6)(b). That definition further explains:

> "'Final order' does not include any tentative or preliminary agency declaration or statement that:
>
> "(A)   Precedes final agency action; or
>
> "(B)   Does not preclude further agency consideration of the subject matter of the statement or declaration."

*Id*. Those two exclusions are stated in the alternative, thus, if either one applies, then the agency statement is not a "final order." *Hawes*, 203 Or App at 264. In determining whether an agency decision constitutes a final order, we look at "whether the order, considered in its [regulatory] context, precedes final agency action or precludes further agency consideration of the matter." *Inbound, LLC*, 241 Or App at 629 (citing *Grobovsky v. Board of Medical Examiners*, 213 Or App 136, 143, 159 P3d 1245 (2007)). We conclude that the department's order was not a final order because it does not preclude further agency consideration of the subject matter.

We agree with the department that our case in *Studor* is instructive. In that case, the petitioner, Studor, submitted a proposal for amendments to the plumbing code, which the agency rejected. The agency notified Studor of the rejection and the notice further stated that Studor could file a petition for judicial review with the circuit court under ORS 183.484. We concluded that the agency's rejection of the proposed amendment was not a "final order" under ORS 183.310(6)(b), because it both preceded final agency action and did not preclude further agency consideration of the subject matter. 224 Or App at 306. As to the latter factor, we stated that "[t]he subject matter of the [agency's] decision was the propriety of amending the state building code so as to include Studor's [plumbing material]. Nothing 'precludes' further consideration of that subject matter." *Id*. at 307. We explained that, "[u]nlike a person who has suffered an adverse outcome in a contested case, Studor is not 'precluded' from resubmitting its proposed amendment[.]" *Id*.

This case is not meaningfully distinguishable from *Studor*. Although the department rejected Hayes's request

that it promulgate rules, nothing in that rejection precludes the department from further consideration of the subject matter. Indeed, the department's rejection of Hayes's proposed rules was based in part on the existence of rules that the department contends cover the subject matter and Hayes's failure to seek an amendment of those rules or place the requested rules within the context of that existing regulatory framework. Nothing in the denial order precludes Hayes from petitioning the department to amend the existing rules (or even resubmitting a petition for new rules). The department's denial order was directed at the specific rules Hayes proposed and did not foreclose different proposed rules or proposed amendments to the existing rules on the same subject matter.

In arguing for a different result, Hayes asserts that the department's denial order is not "tentative or preliminary" given that the order was by its own terms deemed a "final order" subject to review. Hayes also asserts that the department's denial has to be considered in the regulatory scheme of TMDLs, which are not self-executing and require a multi-faceted process to implement. Part of that process, Hayes asserts, is that the department has a duty to promulgate an agricultural water quality management area plan as a rule that implements the zero Load Allocation in the TMDL. That rule could then be reviewed under ORS 183.400. Hayes asserts that its petition was meant to start that process that the department is refusing to undertake.

We first reject Hayes's suggestion that the department's "notice" stating its denial order was a final order subject judicial review changes the nature of the department's decision. Whether the circuit court had subject matter jurisdiction is dependent upon whether the denial order qualifies as a final order under ORS 183.310(6)(b)—a legal question that we must decide. The department could not, and did not, confer jurisdiction on the circuit court though the inclusion of a boilerplate notice appended to its denial order. *See 1000 Friends of Oregon v. LCDC*, 301 Or 622, 632, 724 P2d 805 (1986) ("Whatever merit an estoppel argument against an administrative agency may have in other contexts, it cannot

serve to confer jurisdiction on a court where jurisdiction does not otherwise exist.").

We also reject Hayes's argument based on the provided regulatory context. Although it is true that we consider the regulatory context of an agency decision in determining whether it is a final order, what Hayes is actually arguing is that the department was wrong on the merits when it concluded the requested rules were not needed. Whether or not the department was correct on the law in its denial order is not an issue that is before us on appeal. The regulatory context that matters for purposes of determining if the denial order is a final order is the regulatory *process* in which the decision was made. *See Grobovsky*, 213 Or at 143 ("Rather, the question is the order's place in the process of which it is a part—whether it is a preliminary step in reaching some later decision or is, itself, the ultimate decision."). Here, the regulatory process of which the department's denial order is a part is the rulemaking process and the process under ORS 183.390 for an interested person to petition for a rulemaking. We considered that context in our decision.

The circuit court did not err in dismissing Hayes's original petition for lack of subject matter jurisdiction under ORS 183.484.

B.   *The circuit court did not have subject matter jurisdiction under the Uniform Declaratory Judgments Act.*

In its second assignment of error, Hayes argues that the circuit court erred in granting summary judgment on Hayes's UDJA claim for lack of subject matter jurisdiction. On review of a grant of summary judgment, we view "the evidence in the light most favorable to the nonmoving party" and "determine whether there are disputed questions of material fact and whether the moving part[y was] entitled to judgment as a matter of law." *Ashland Drilling, Inc. v. Jackson County*, 168 Or App 624, 627, 4 P3d 748, *rev den*, 331 Or 429 (2000). Here, the parties do not contend that there are any issues of material fact, and, on review of the record, we conclude that there are none. Thus, we review the circuit court's legal conclusion on jurisdiction for errors of law. *Inbound, LLC*, 241 Or App at 624-25.

Under the UDJA, ORS 28.010 to 28.160, "[c]ourts of record within their respective jurisdictions shall have power to declare rights, status, and other legal relations, whether or not further relief is or could be claimed." ORS 28.010. As relevant here, under ORS 28.020, a person "whose rights, status or other legal relations are affected" may "obtain a declaration of rights, status or other legal relations" under a "constitution, statute, municipal charter, ordinance, contract or franchise." In addition, ORS 28.050 provides that "[t]he enumeration in ORS 28.010 * * * does not limit or restrict the exercise of the general powers conferred in ORS 28.010, in any proceedings where declaratory relief is sought, in which a judgment will terminate the controversy or remove an uncertainty." The courts' authority under the UDJA is broad. *Reeves v. Wagner*, 295 Or App 295, 303, 434 P3d 429 (2018).

However, "[a] court lacks subject matter jurisdiction under the [UDJA] if some other exclusive remedy exists to address the dispute." *Salibello v. Board of Optometry*, 276 Or App 363, 367, 367 P3d 932 (2016). "When the dispute at issue involves an agency's action, or refusal to act, the review provisions of the APA provide the sole and exclusive means of obtaining judicial review, and an action for declaratory relief is not available." *Id.*; *see also Ashland Drilling, Inc.*, 168 Or App at 630 ("[W]hen there is an administrative remedy, review of that remedy is exclusively under the APA."). Accordingly, we must determine whether administrative remedies exist for the relief requested by Hayes.

In its amended petition, Hayes sought a declaration that "the rules codified at OAR 603-095-0800 to 0860 (adopted effective July 12, 2000) do not implement the zero Load Allocation of the 2001 Tillamook Bay Watershed TMDL for 'Farm buildings and pastures that have had manure applied to them.'" Hayes also sought an order requiring the department to initiate the requested rulemaking.

As the circuit court recognized, Hayes explicitly sought a declaration that the department's rules do not implement the 2001 Tillamook Bay Watershed TMDL, which in turn was an order of DEQ. The APA provides the exclusive means for review of agency rules. ORS 183.400. In

addition, the APA provides the exclusive means for seeking to compel an agency to act, when it has failed to do so. ORS 183.490. The circuit court did not err in dismissing Hayes's claim for lack of subject matter jurisdiction.

On appeal, however, Hayes argues that the circuit court erred, because its ruling assumed that there was a point in time at which Hayes could have challenged the department's rules. According to Hayes, because the department has failed to promulgate the necessary rules to implement the TMDL, there has never been any point at which Hayes could challenge the department's rules. Hayes asserts that it is seeking a declaration of rights under federal and state statutes related to the implementation of the TMDL and the question is whether the North Coast Basin plan satisfies the procedural requirement that the department adopt rules that implement the TMDL, and, if it does, whether those rules satisfy the substantive requirements of those statutes. Hayes asserts that the relief it seeks is an order directing the department to initiate the required rulemaking.

Although Hayes recasts its argument as a declaration of rights under the statutes, the substance of the relief that Hayes seeks in its UDJA claim is a declaration that the department's rules do not implement the TMDL and an order compelling the department to initiate rulemaking. That challenge is explicitly a challenge to the statutory authority for the existing rules, and Hayes's requested relief is explicitly to compel the agency to act. The APA provides for the sole and exclusive methods of obtaining judicial review for both. Hayes has not raised any argument on appeal that could take its proposed declaratory relief claim out of APA exclusivity.

The circuit court did not err in granting summary judgment to the department on Hayes's UDJA claim for lack of subject matter jurisdiction.

C.   *The circuit court erred in dismissing Hayes's ORS 183.490 claim for failure to state a claim.*

In its third assignment of error, Hayes argues that the circuit court erred in dismissing its ORS 183.490 claim

for a failure to state a claim. We review a grant of a motion to dismiss for failure to state a claim for errors of law. *See, e.g.*, *Strizver v. Wilsey*, 210 Or App 33, 35, 150 P3d 10 (2006), *rev den*, 342 Or 474 (2007). Our only task in this posture is to determine whether Hayes's amended petition adequately states a claim under ORS 183.490. *See Granewich v. Harding*, 329 Or 47, 50, 985 P2d 788 (1999). In making that determination, "we accept as true all well-pleaded allegations in the [petition] and give [petitioner] the benefit of all favorable inferences that may be drawn from the facts alleged." *Id.* at 51.

Under ORS 183.490, "[t]he court may, upon petition as described in ORS 183.484, compel an agency to act where it has unlawfully refused to act or make a decision or unreasonably delayed taking action or making a decision." As we have explained, "Review under ORS 183.490 is available when an agency has not issued a 'final' order and allows the circuit court to compel an agency to act 'with greater alacrity,' although not to compel the agency to act in a particular way." *Salibello*, 276 Or App at 368 (citing *Mendieta v. Division of State Lands*, 148 Or App 586, 598, 941 P2d 582 (1997), *rev dismissed*, 328 Or 331 (1999)). That statute does not "afford[] relief for erroneous agency action," as "the APA elsewhere expressly provides for review in those circumstances." *Mendieta*, 148 Or App at 594 (citing ORS 183.484 (providing for review of an order in other than contested case) and ORS 183.482 (providing for review of orders in contested cases)).

In the amended petition, Hayes included the following general allegations that pertain to its ORS 183.490 claim. In July 2001, the United States Environmental Protection Agency approved the TMDL for the Tillamook Bay Watershed submitted by DEQ in June 2001. That TMDL "established a zero Load Allocation for '[f]arm buildings and pastures that have had manure applied to them.'" The department is identified in the TMDL as the designated management agency responsible for non-point source TMDL implementation. "The TMDL is an order directed to [the department] to develop and adopt as a rule an [agricultural water quality management area plan] to implement the

TMDL's zero Load Allocation[.]" The department has not promulgated a plan to implement the zero Load Allocation. The department, in response to Hayes's request for rule promulgation under ORS 183.390, contended that the North Coast Basin plan implemented the TMDL and that pertinent rules already exist at OAR 603-0095-0800 to 0860. However, neither include an enforceable zero Load Allocation, "much less address the relationship between water quality in the estuarine waters of Tillamook Bay and non-point source loading of bacteria in freshwater streams." Specifically, under its ORS 183.490 claim, Hayes alleged that the department "has unlawfully refused to adopt an [agricultural water quality management area plan] to implement the zero Load Allocation of the 2001 Tillamook Bay Watershed TMDL." As a remedy for that failure, Hayes sought an order compelling the department to initiate a rulemaking to promulgate such a plan as a rule, in accordance with rulemaking procedures of ORS 183.335.

The circuit court dismissed Hayes's ORS 183.490 claim because it determined that the claim was premised on an assertion that the existing rules and North Coast Basin plan are legally insufficient, which does not state a claim under ORS 183.490 to compel a state agency to take action. We conclude that the circuit court erred.

For its ORS 183.490 claim, Hayes did not allege that the department's North Coast Basin plan and rules were insufficient; rather, the allegations in Hayes's petition make clear that the North Coast Basin plan and rules are irrelevant to that claim. Hayes asserts that the department was legally required to adopt rules specific to the Tillamook Bay Watershed based on the zero Load Allocation in the Tillamook Bay Watershed TMDL. The department has not done so, and the department has not pointed to any such action. The North Coast Basin plan, as acknowledged by the department, covers a large area, of which Tillamook Bay Watershed is a subset, and sets out only voluntary components, except to the extent rules were promulgated to make components "non-voluntary," in the department's words. The rules implementing non-voluntary components, however, apply to the entire North Coast Basin and do not

address any requirements in the TMDL that are specific to the Tillamook Bay Watershed. Hayes's entire ORS 183.490 claim is based on the premise that when DEQ established the Tillamook Bay Watershed TMDL, the department was required to promulgate rules for Tillamook Bay Watershed to implement it. The department, however, has refused to do so, exclusively relying on a plan that is not an enforceable rule and rules that are not directed at the circumstances in the Tillamook Bay Watershed or the TMDL created for the Tillamook Bay Watershed. It is that alleged unlawful refusal to act after DEQ established the TMDL that Hayes has challenged and that refusal to act is a cognizable basis for a claim under ORS 183.490.

On appeal, the department largely has provided argument on the *merits* of Hayes's ORS 183.490 claim—that is, whether the department is required to promulgate rules that enforce a water quality management area plan for Tillamook Bay Watershed based on the TMDL. However, the merits of Hayes's claim are not before us on appeal. The sole question for us is whether, based on the amended petition, Hayes has stated a cognizable claim under ORS 183.490. We conclude that it has.

This is not a case in which Hayes failed to take judicial review from an order that was judicially reviewable and instead sought to use ORS 183.490 to compel a different action from the agency. *See Mendieta*, 148 Or App at 598-99 (holding that an ORS 183.490 claim was not cognizable where the agency did act by executing leases with the plaintiffs, which were final orders subject to judicial review under ORS 183.484). This is a claim of agency inaction where the law allegedly required the agency to take a specific action that the agency has not taken, which is properly the basis for a claim under ORS 183.490. *See PEBB v. OHSU*, 205 Or App 64, 75, 132 P3d 1061, *rev den*, 341 Or 579 (2006) (holding that an ORS 183.490 claim seeking to compel PEBB to distribute certain proceeds to class members was cognizable because PEBB did not act on the claim to the funds and instead interplead the funds); *Ashland Drilling, Inc.*, 168 Or App at 630-31 & n 2 (holding that a claim that state defendants had failed to implement a statutory program

could not be brought under the UDJA because review was available under ORS 183.490). We do not express any opinion on the merits of Hayes's claim; we determine only that Hayes stated a cognizable claim under ORS 183.490 in its amended petition.

The circuit court erred in dismissing Hayes's ORS 183.490 claim for a failure to state a claim.

Reversed and remanded on ORS 183.490 claim; otherwise affirmed.